UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP S. WOODRUFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, | ) Civil Action No. 05-1367 (RMU) |
| | ) ECF |
| And | ) |
| | ) |
| FEDERAL AVIATION ADMINISTRATION | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS
OR TO TRANSFER,**

Defendant hereby moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P.12(b)(1) and (3). In support of this motion, defendant respectfully submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

                          _____
                          BENTON G. PETERSON
                          Assistant U.S. Attorney
                          555 Fourth Street, N.W.,
                          Washington, D.C.  20530
                          (202) 514-7238

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP S. WOODRUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| TRANSPORTATION, ) | Civil Action No. 05-1367 (RMU) |
| ) | ECF |
| And ) | |
| ) | |
| FEDERAL AVIATION ADMINISTRATION ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR TRANSFER

Plaintiff claims to bring this suit under the Settlement of Accounts statute, 5 U.S.C. 5584 et. seq. Complaint at ¶ 1, (Hereinafter "Compl."). His claims arise from the May 11, 2005 decision of the Federal Aviation Administration (FAA) denying his waiver request concerning overpayments to his salary from 1995 to 1997 totaling $13, 869. 24. Id.

Plaintiff's complaint requests equitable relief, to include an order requiring defendants to "correct" its records to: (1) deny the defendant's claim and collection of the alleged overpayment of $13,869.24; (2) grant payment to plaintiff of monies owed as a result of underpayment of payroll, leave errors TSP errors, tax errors and other related errors and (3) "correction of all administrative and payroll records." Compl., Prayer for Relief. Plaintiff alleges these "errors" have resulted in underpayment to his payroll, damage to his TSP and other financial damage that "far exceed" the FAA's $13,000 claim of overpayment. Compl., p. 2, ¶ 9. Plaintiff, in essence,

2

is seeking non-tort monetary relief in excess of $10,000. Accordingly, the complaint should be dismissed for lack of jurisdiction or transferred to the United States Court of Federal Claims.

## I. SUMMARY OF ARGUMENT

A. On its face, plaintiff's complaint seeks equitable and monetary remedies, Compl., p. 3. A review of the requests both individually and collectively, demonstrates however, that money is the primary goal of plaintiff's complaint. Further, as noted in the argument below, the amount of money would be well over $10,000.00. Accordingly, the instant case actually presents a "Big" Tucker Act claim, 28 U.S.C. §1491(a)(1), and should be dismissed for lack of subject matter jurisdiction.

B. Alternatively, pursuant to 28 U.S.C. §1631, this case should be transferred to the United States Court of Federal Claims (CoFC).

## II. ARGUMENT

**A. PLAINTIFF'S COMPLAINT IS ACTUALLY A REQUEST FOR NON-TORT MONETARY DAMAGES THAT EXCEEDS THE $10,000 JURISDICTIONAL LIMIT OF THIS COURT, ACCORDINGLY, THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED TO THE COURT OF FEDERAL CLAIMS**.

**1. The Statute Cited By Plaintiff Does Not Convey Subject Matter Jurisdiction To The Court.**

Plaintiff relies upon the 5 U.S.C. § 5584, as the jurisdictional basis for his complaint. However 5 U.S.C. § 5584 contains no jurisdictional grant to this Court. The analysis of this Court's jurisdiction to entertain claims against the defendants must begin with a recognition of the doctrine of sovereign immunity.

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit." Lehman v. Naskshian, 453 U.S. 156, 160 (1981), quoting United States v. Testan, 424 U.S. 392, 399 (1976), quoting United States v. Sherwood, 312 U.S. 584, 586-87 (1941); Lombard v. United States, 690 F.2d 215, 218 (D.C. Cir.1982), cert. denied, 462 U.S. 1118 (1983).  Further, "a waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.' " Testan, 424 U.S. 392, 399(1976), quoting United States v. King, 395 U.S. 1, 4 (1969).  Moreover, the "'limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.' " Lehman, 453 U.S. at 161, quoting Soriano v. United States, 352 U.S. 270, 276 (1957).

A party bringing a claim against a federal agency must identify not only the source of his substantive right but also a specific waiver of sovereign immunity that permits his claim to be heard. United States v. Mitchell, 445 U.S. 535, 538 (1980).  The statutory provision relied upon by plaintiff in his complaint does not contain the required waiver of sovereign immunity or, indeed, any cause of action against a federal agency.

Specifically, plaintiff only cites in his complaint 5 U.S.C. § 5584 as a basis for this Court's jurisdiction.   The text of the provision cited by plaintiff reads (in pertinent part) :

> **§ 5584. Claims for overpayment of pay and allowances, and of travel, transportation and relocation expenses and allowances**
>
> **a)** A claim of the United States against a person arising out of an erroneous payment of pay or allowances made on or after July 1, 1960, or arising out of an erroneous payment of travel, transportation or relocation expenses and allowances, to an employee of an agency, the collection of which would be against equity and good conscience and not in the best interests of the United States, may be waived in whole or in part by--
>
> **(1)** the authorized official;
>
> **(2)** the head of the agency when--

> **(A)** the claim is in an amount aggregating not more than $1,500; and
>
> **(B)** the waiver is made in accordance with standards which the authorized official shall prescribe; or
>
> **(3)** the Director of the Administrative Office of the United States Courts when the claim is in an amount aggregating not more than $10,000 and involves an officer or employee of the Administrative Office of the United States Courts, the Federal Judicial Center, or any of the courts set forth in section 610 of title 28.

The statute cited however no longer applies to the defendants. Congress authorized the FAA to establish a unique Personnel Management System (PMS) in the Fiscal Year 1996 Department of Transportation Appropriations Act, Public Law 104-50, § 348, and simultaneously exempted the FAA from certain statutes– among those, is the statute plaintiff cites in this matter. See Section 347 of the Department of Transportation Appropriations Act.

### 2. **Plaintiff Seeks Monetary Relief over $10,000.00**

Although plaintiff apparently tried to craft his complaint to request only equitable relief, he, in actuality, seeks monetary relief over $10,000. Plaintiff's complaint, therefore, is simply a "dressed up" Tucker Act claim, 28 U.S.C. §1491(a)(1), which should be dismissed for lack of subject matter jurisdiction, or alternatively, pursuant to 28 U.S.C. §1631, transferred to the CoFC. See, International Engineering Co., Inc. v. Richardson, 512 F.2d 573, 581 (D.C. Cir. 1975), cert. denied, 423 U.S. 1048 (1976); Associated Financial Corp. v. Kemp, 769 F. Supp. 398, 403 (D.D.C. 1991).

The CoFC exercises exclusive jurisdiction over non-tort monetary claims against the United States and has the authority to grant complete and appropriate relief to plaintiff in this case. 28 U.S.C. §1491(a)(2). For example, the CoFC may issue "orders directing.... correction

of applicable records, and such orders may be issued to any appropriate official of the United States.  In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."   28 U.S.C. § 1491(a)(2).[1]

It is a well recognized principle that the CoFC's jurisdiction cannot be side-stepped by framing an essentially monetary claim in equitable terms.  Van Drasek v. Lehman, 762 F.2d 1065, 1071 n.11 (D.C. Cir. 1985); Heller, Ehrman, White & MacAuliffe v. Babbitt, 992 F.2d 360, 363 (D.C. Cir. 1993) (Plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction.").  To prevent this type of forum shopping and enforce the prohibition on the drafting of creative complaints, the Court must look to the complaint's substance, not merely its form.  Amoco Prod. Co. v. Hodel, 815 F.2d 352, 361 (5th Cir. 1987), cert. denied, 487 U.S. 1234 (1988).

In reviewing a complaint, the Court should find Tucker Act jurisdiction if, in whole or in part, the plaintiff explicitly seeks more than $10,000 in monetary relief from the federal government.  See Megapulse Inc. v. Lewis, 672 F.2d 959, 967-68 (D.C. Cir. 1982); Kidwell v. Dep't of the Army Board for Corrections, 56 F.3d 279, 284 (D.C. Cir.1995).[2]  If the Court

---

[1] The CoFC has, in fact, ordered correction of payment deficiencies, (see e.g., Skinner v. United States, 594 F.2d 824 (1979); Sanders v. United States, 594 F.2d 804 (1979); Burd v. United States, 19 Cl. Ct. 515 (1990); Casey v. United States, 8 Cl. Ct. 234 (1985)), and correction of administrative records, ( Yee v. United States, 512 F.2d 1383 ( 1975); Murphy v. United States, 16 Cl. Ct. 385 (1989)), (Gant v. United States, 18 Cl. Ct. 442 (1989).  Since the CoFC has explicit authority to provide all relief that the plaintiff requests, this Court should dismiss the action for lack of jurisdiction.

[2] Thus, for example, the CoFC under the Tucker Act has entertained claims for overtime compensation and benefits in accordance with such statutes as the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (2000), see, e.g., Saraco v. United States, 61 F.3d 863 (Fed. Cir. 1993); the Federal Employees Pay Act, 5 U.S.C. §§ 5542, 5543 (2000), see, e.g., Doe v. United States, 47 Fed. Cl. 594 (Fed. Cl. 2000); and the Federal Law Enforcement Pay Reform Act, Pub. L. No. 101-509, §§ 401-412, 104 Stat. 1389, 1465-69 (codified as amended in scattered sections

determines that the equitable relief requested is "negligible in comparison" with the potential monetary recovery, or, there is no "independent valuable interest" in the non-monetary relief requested, the case should be dismissed or transferred to the CoFC. Id. at 286.

A review of the relief requested by plaintiff, both individually and collectively, demonstrates that money is the primary goal of plaintiff's complaint. First, the gravamen of plaintiff's complaint is an effort retain a windfall by asking the Court to review defendants' denial of his waiver request regarding overpayments to his salary. Compl., ¶ 1. Second, and what is at the center of each of the individual requests for relief, is plaintiff's quest for "corrections" in order to receive monetary payments for lost wages. Compl., Prayer for Relief. These are unmistakable requests for monetary relief and back pay[3] in excess of $10,000.[4]

What is most glaring about plaintiff's requests for "correction " of all administrative

---

of 5 U.S.C.), see, e.g., Hannon, 48 Fed. Cl. 15 (2000). Where amounts in excess of $10,000 are sought, the CoFC has jurisdiction under the Tucker Act over such pay claims. Saraco v. Hallett, 831 F. Supp. 1154, 1159-65 (E.D. Pa. 1993) (transferring Fair Labor Standards Act claim by federal employees to Court of Federal Claims), aff'd., 61 F.3d 863 (Fed. Cir. 1995).

[3] The Back Pay Act, which the plaintiff did not assert in his complaint, allows a federal employee to recover back pay when, "on the basis of a timely appeal or an administrative determination . . . [the employee] is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action, which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee..." 5 U.S.C. § 5596(b)(1) (emphasis added). It should be noted that even if Plaintiff intended to cite the Back Pay Act in his complaint, the complaint would still fail. Plaintiff has made no showing that he has been found by "appropriate authority" or for that matter any authority to have been affected by an unjustified or unwarranted personnel action. His claims only concern a denial of a waiver and alleged errors in his personnel file. Further, standing alone, the back pay claim represents compensation for lost wages and requires the payment of money, and thus is distinct from other types of equitable relief and therefore subject to the exclusive jurisdiction of the CoFC because the fundamental nature of the relief awarded results in an award of monetary compensation. See Burkins v. United States, 112 F.3d 444, 448 (10th Cir. 1997)(exclusive jurisdiction of Federal Court of Claims cannot be avoided by framing a complaint as one seeking equitable relief).

[4] Plaintiff, in his complaint, freely admits that his claim for "under payments" and damages as a result of alleged administrative errors "far exceed" the $13,869.24 in over payments that plaintiff is due to remit to the FAA. Compl. ¶ 9. This will cause plaintiff's complaint to easily exceed the "Big" Tucker Act threshold of $10,000. 28 U.S.C. §1491(a)(1).

records is that there is no "independent valuable interest" in any of these correction requests, but rather a method of attempting to request money and subvert Tucker Act jurisdiction.  *Cf.* Kidwell, 56 F.3d at 285 (Court found that although plaintiff may receive a monetary benefit if his request to have his discharge changed to "medical grounds," it concluded, however, that the record change, in and of itself, had the "independent valuable interest" of lifting plaintiff's shame associated with failing to receive an honorable discharge.); see also, Bublitz v. Brownlee, 309 F. Supp. 2d 1, 9 (Plaintiff's request for earlier promotion date far outweighed by the retirement pay sought.).  Each of plaintiff's corrections is "negligible" in comparison to the monetary windfall plaintiff would receive for back pay compensation if his requests were granted.

Accordingly, it is evident that plaintiff's non-tort monetary claim over $10,000 should be dismissed for lack of subject matter jurisdiction; or alternatively, pursuant to 28 U.S.C. §1631, transferred to the CoFC.

### III.   CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant defendants' motion to dismiss for lack of subject matter jurisdiction, or, transfer the case to the United States Court of Federal Claims (CoFC) pursuant to 28 U.S.§1631.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____

R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____

BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney

Judiciary Center Building

555 4th Street, N.W. – Civil Division

Washington, D.C.  20530

(202) 514-7238;(202) 514-8780 (Facsimile)

**Benton.Peterson@usdoj.gov**

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> PHILLIP S. WOODRUFF
> 10812 Brookwood Avenue
> Upper Marlboro, Maryland 20772

on this      day of November, 2005.

> BENTON G. PETERSON
> Assistant United States Attorney
> Judiciary Center Building
> Civil Division
> 555 4th Street, NW
> Washington, D.C. 20530