UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF, )
    )
    Plaintiff, )
    )
v. )
    )
    )
UNITED STATES DEPARTMENT OF ) Case No.: Civil Action No. 05-1367 (RMU)
TRANSPORTATION, )
    )
And, )
    )
FEDERAL AVIATION ADMINISTRATION )

    Defendants.

---

## PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER

Plaintiff, Phillip S. Woodruff, submits this second response to Defendant's Motion to Dismiss or to Transfer and respectfully states the following:

Plaintiff filed a Response to Defendant's Motion to Dismiss with the Court on November 23, 2005. (Exhibit 1). It is apparent that the Court has misplaced this pleading.

Plaintiff brings suit under 5 U.S.C. 5584 et seq. The claim arises from a decision made by the United States Department of Transportation, Federal Aviation Administration on or about May 11, 2005, regarding a waiver request for an alleged salary overpayment in the amount of $13,869.24 from 1997 through 1999.

These alleged overpayments were errors made by the payroll department and due to inaccurate, retroactive and fraudulent records created by Human Resources management. Plaintiff has tried to have these errors corrected. Plaintiff still hopes to have these errors cleared

in the near future. Plaintiff does not owe $13,869.24 to the agency. There were no overpayments made. Plaintiff requested the appropriate waiver yet it was denied by the agency.

Plaintiff requests that the payroll and agency records be corrected and that the waiver be granted.

Plaintiff requests the court to restrain the agency from collecting any debt until the administrative errors are corrected.

Plaintiff has recent evidence of the agency having again made similar errors with payroll records. This matter was resolved when it was reviewed by new accounting management for the department. These errors were identified and corrected within a month. As a result of this change in management, the Plaintiff requests that this alleged overpayment of $13,869.24 be reviewed in detail again by the agency and all records be corrected.

1. Plaintiff's claims belong in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1346(a)(c). "The district courts shall have original jurisdiction...conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand on the part of the United States against any plaintiff commencing an action under this section." The agency, on behalf of the United States, has made a claim against the Plaintiff for payment of $13,869.24. As a result of this, Plaintiff has made a correct claim with the U.S. District Court. The Court may also restrain the agency from collecting this erroneous claim.

2. The Tucker case does not apply. Plaintiff's claim involves correction of clerical errors made by the agency. Plaintiff seeks only equitable relief in that this paper work error is corrected.

2

3.      The counsel for the agency sites numerous cases and law that clearly have nothing to do with the issues in this case. The agency cites 49 U.S.C. § 106(f) stating that the FAA has the final authority over the FAA internal processes concerning waiver of overpayments and disputes arising therefrom. 49 U.S.C. §106f "Authority of the Secretary and the Administrator. - (1) Authority of the secretary. - Except as provided in paragraph (2), the Secretary of Transportation shall carry out the duties and powers, and controls the personnel and activities of the Administration. Neither the Secretary nor the Administrator may submit decisions for the approval of, or be bound by the decisions or recommendations of, a committee, board, or organization established by executive order." This has nothing to do with waiver of overpayments as noted by the agency. In addition, the Plaintiff has tried, for several years, to resolve this matter with the agency.

**WHEREFORE**, Plaintiff respectfully requests this Court to:

(a)  **DENY** Defendant's Motion to Dismiss; and further

(b)  **DENY** Defendant's Motion to Transfer; and further

(c)  **DISMISS** agency's claim of overpayment; and further

(d)  Requests the court to restrain the agency from collecting any alleged debt until the all administrative errors are corrected; and further

(e)  Request the Court to have the agency reconcile and correct all errors in the personnel and payroll records; and further

(f)  Request a new and complete review by the new accounting department of the any claims of overpayment; and further

(g)  And for such other relief that the Court deems necessary and fair.

3

Respectfully submitted,

_____
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, Maryland 20772
(301) 868-9383
*Plaintiff*

CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that on this __6__ day of __FEBRUARY__, 2006, a copy of Plaintiff's Second Response to Defendant's Motion to Dismiss or to Transfer was sent via certified mail, return receipt to:

Kenneth L. Wainstein, U.S. Attorney
R. Craig Lawrence, Asst. U.S. Attorney
Benton G. Peterson, Asst. U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20001

_____
Phillip S. Woodruff

4