UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP S. WOODRUFF,        ) | |
| )    | |
| Plaintiff,        ) | |
| )    | |
| v.        ) | |
| )    | |
| UNITED STATES DEPARTMENT OF        ) | |
| TRANSPORTATION,        )    | Civil Action No. 05-1367 (RMU) |
| )    | ECF |
| And        ) | |
| )    | |
| FEDERAL AVIATION ADMINISTRATION        ) | |
| )    | |
| Defendants.        ) | |
| )    | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,
OR TRANSFER**

For the most part, pro se Plaintiff's Opposition to Defendant's Motion to Dismiss simply repeats claims from his complaint. Plaintiff's Opposition does not refute, let alone engage, the arguments in Defendant's Motion to Dismiss.[1] Therefore, as explained in Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss of Transfer, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P.12(b)(1) and (3) because this Court lacks subject matter jurisdiction over Plaintiff's claims. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court lacks subject matter jurisdiction over this case. Plaintiff's Opposition still does not explain why his passing references to 28 U.S.C. § 1346(a) and (c) confer this Court with jurisdiction over this matter. According to Plaintiff's Opposition,

---

[1] Although the Court must review Plaintiff's complaint liberally, since complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se litigants must still comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

this case concerns errors by Defendant that lead to his indebtedness of over $13,000. Plaintiff simply asserts without any authority, that the "Tucker [Act]" does not apply.  Plaintiff's Opposition (Opp.) at 2.  However, in the final analysis, Plaintiff seeks monetary relief over $10,000, Plaintiff does not dispute this.  Plaintiff's claim within his complaint, therefore, is a Tucker Act claim, 28 U.S.C. §1491(a)(1), which should be dismissed for lack of subject matter jurisdiction, or alternatively, pursuant to 28 U.S.C. §1631, transferred to the Court of Federal Claims(CoFC).  See, International Engineering Co., Inc. v. Richardson, 512 F.2d 573, 581 (D.C. Cir. 1975), cert. denied, 423 U.S. 1048 (1976); Associated Financial Corp. v. Kemp, 769 F. Supp. 398, 403 (D.D.C. 1991).

## ARGUMENT

**A.  Plaintiff suit remains jurisdictionally flawed.**

Plaintiff has failed to establish in any way that 5 U.S.C. § 5584 contains a jurisdictional grant to this Court.  Plaintiff's complaint relies on 5 U.S.C. § 5584.  The analysis of this Court's jurisdiction to entertain claims against the defendants must begin with a recognition of the doctrine of sovereign immunity.

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Naskshian, 453 U.S. 156, 160 (1981), quoting United States v. Testan, 424 U.S. 392, 399 (1976), quoting United States v. Sherwood, 312 U.S. 584, 586-87 (1941); Lombard v. United States, 690 F.2d 215, 218 (D.C. Cir.1982), cert. denied, 462 U.S. 1118 (1983).  Further, "a waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.' " Testan, 424 U.S. 392, 399(1976), quoting United States v. King, 395 U.S. 1, 4 (1969).  Moreover, the "'limitations and conditions upon which the

Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.' " Lehman, 453 U.S. at 161, quoting Soriano v. United States, 352 U.S. 270, 276 (1957).

Moreover, in the 1996 DOT Appropriations bill, Congress explicitly identified those statutes by which the FAA would still be bound. 49 USC 40122 (g). Congress did not include subpart 5 USC §5584. Id. The FAA is not subject to 5 U.S.C. § 5584. FAA procedure regarding waiver of overpayments is contained in FAA Order 2770.2G, Waiver of Claims For Erroneous Payments. Ex. 1. It provides for appeal from a denied waiver request to the next higher authority within the FAA. The decision on the appeal is the final agency action. FAA Order 2770.2G does not provide for appeal of the final agency action.

**B. Plaintiff's Overpayment.**

Because Plaintiff has failed to cite authority that confers upon this court the necessary jurisdiction, the fact that Plaintiff believes he has not received overpayments is not material. However, for purposes of responding to the Opposition, Plaintiff's own action confirms his receipt of overpayment. Plaintiff in his complaint originally complains of the Defendant's denial of his waiver request. Complaint at ¶ 1. Plaintiff was sent a bill of collection dated January 30, 2003 in the amount of $ 13,869.24 for salary overpayments. Ex. 3. Plaintiff submitted a request for waiver of charges on February 13, 2003. Id. His waiver request was denied July 27, 2004. Id. Plaintiff submitted an appeal of the waiver request denial on August 17, 2004. Ex. 4. His request for appeal was denied on April 13, 2005. Ex. 3. FAA procedure contained in FAA Order 2770.2G, Waiver of Claims For Erroneous Payments, states that an employee may file a written petition disputing the validity of the debt within 15 days of receiving the bill of collection. Ex. 1. Plaintiff did not file a written petition disputing the debt, rather, he filed a request for waiver. Ex. 2. FAA Order 2770.2G, paragraph 8. b. (2) states that if validity of the

debt is contested, a waiver request should not be submitted until a final agency action determining the validity of the debt is issued. See Ex. 1. A waiver request submitted before then will be interpreted as a concession that the payment is due. Id. His waiver request filed February 13, 2003 was a concession that the payment was due.[2] At no time did Plaintiff follow any procedure to dispute the validity of the debt. See Ex. 2.

Accordingly, it is evident that plaintiff's debt is real and is a non-tort monetary claim over $10,000 that should be dismissed for lack of subject matter jurisdiction; or alternatively, pursuant to 28 U.S.C. §1631, transferred to the CoFC.

### III.  CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant defendants' motion to dismiss for lack of subject matter jurisdiction, or, transfer the case to the United States Court of Federal Claims (CoFC) pursuant to 28 U.S.§1631.

---

[2]For the purposes of responding to Plaintiff's claims concerning the factual record, Defendant provides the following brief chronology: Plaintiff received workmen's compensation for pay periods 9710 through 9803 and pay periods 9902 through 9907 from the Department of Labor. When an employee is receiving workmen's compensation they are supposed to be placed in a leave without pay (LWOP) status. Ex. 2. Due to a processing error, plaintiff was not placed in the LWOP status, therefore he also received pay from the FAA for the same pay periods. Id. His indebtedness is a result of the salary overpayments. Id. Plaintiff was not entitled to receive his salary payments from the FAA while he was on workmen's compensation. Id.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238;(202) 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

    PHILLIP S. WOODRUFF
10812 Brookwood Avenue
Upper Marlboro, Maryland 20772

on this _____ day of January, 2005.

_____
BENTON G. PETERSON
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530