

**ORDER**  U.S. DEPARTMENT OF TRANSPORTATION  
FEDERAL AVIATION ADMINISTRATION

2770.2G

10/18/00

SUBJ: WAIVER OF CLAIMS FOR ERRONEOUS PAYMENTS

**1. PURPOSE.** This order provides procedures for waiving the Government's claims against Federal Aviation Administration (FAA) employees to recover erroneous payments of pay or allowances, or of travel, transportation, or relocation allowances.

**2. DISTRIBUTION.** This order is distributed to the division level in Washington headquarters, regions, and centers with a limited distribution to all field offices and facilities and copies to addresses on the accounting offices distribution list.

**3. CANCELLATION.** Order 2770.2F, Waiver of Claims for Erroneous Payments, March 7, 2000, is canceled.

**4. BACKGROUND.**

a. Section 5584 of title 5, United States Code, generally governs waiving claims of the United States for recovering erroneous overpayments of pay and allowances. Section 347 of the Department of Transportation and Related Agencies Appropriations Act, 1995, Public Law 104-50, November 15, 1995, as amended, authorizes the FAA Personnel Management System (PMS). The PMS took effect April 1, 1996, by approval of the Administrator on March 28, 1996, as established by Personnel Reform Implementation Bulletin (PRIB) No. 0001, April 1, 1996. Section 347 provides, *inter alia*, that 5 U.S.C. §5584 does not apply to the PMS. A December 9, 1998, amendment to the PMS document authorizes the Assistant Administrator for Financial Services to issue policies and other guidance regarding waivers of claims of the United States Government for the recovery of erroneous overpayments of pay and allowances. This order is issued pursuant to that authority, and generally parallels the provisions of 5 U.S.C. §5584. Further, the PMS document subjects PMS to 5 U.S.C. §5514, which governs debt recovery by salary offset.

b. Formerly, under 5 U.S.C. § 5584(a)(2)(A), FAA's authority to waive claims was limited to amounts aggregating not more than $1,500, and was subject to certain conditions under the Comptroller General's control. The Comptroller General's authority to waive claims was not limited to this amount. Section 103(d) of the General Accounting Office Act of 1996, Public Law No. 104-316, Oct. 19, 1996, amended § 5584(a)(2)(A) to transfer the Comptroller General's authority to the Office of Management and Budget (OMB), regarding waivers involving employees in the Executive branch. OMB delegated this function to the agency that made the erroneous payment (OMB Determination of December 17, 1996). FAA now has authority to grant waivers regardless of the amount involved.

GOVERNMENT EXHIBIT 1

Distribution: A-WXYZ-2; A-FOF-0 (LTD); ZAA-388                                  Initiated By: AFM-330

2770.2G                                                                                        10/18/00

5. **EXPLANATION OF CHANGES.** This revision:

   a. Identifies the Office of Financial Management (AFM) as the office responsible for this order. Previously, the Office of Performance Management served as the office of primary responsibility and managed the waiver of claims for erroneous payment program.

   b. Grants the Director of Financial Management the authority to grant or deny waiver requests less than or equal to $5,000.

   c. Assigns the waiver of claims for erroneous payments function to the Travel and Payroll Services Branch (AFM-330), Financial Policy, Systems, and Reports Division, Office of Financial Management.

   d. Clarifies the FAA procedure for a hearing regarding the collection of a debt owed to the U.S. Government.

6. **DELEGATION OF AUTHORITY.** On December 9, 1998, the Administrator approved an amendment to the PMS, which states, *inter alia,* that:

   The Assistant Administrator for Financial Services is authorized to issue policies and other guidance regarding waivers of claims of the United States Government for the recovery of erroneous overpayments of pay and allowances....

7. **STANDARDS FOR GRANTING WAIVER.**

   a. A waiver may be granted only when collection would be against equity and good conscience, and not in the best interests of the United States. Generally, this criterion will be met by a finding that the erroneous payment occurred through administrative error and that there is no indication of fraud, misrepresentation, fault, or lack of good faith on the part of the employee. Fault includes more than a proven overt act or omission by the employee. Fault is considered to exist if, in light of all the facts, it is determined that the debtor requesting the waiver knew or should reasonably have known that an error occurred, and fails to make inquiries or bring the matter to the attention of the appropriate officials.

   b. Generally, a waiver is precluded when an employee receives a significant unexplained increase in pay or allowances, or otherwise knows, or reasonably should have known, that an erroneous payment has occurred, and fails to bring the matter to the attention of the appropriate officials.

   c. When an FAA official doubts whether a waiver is proper, he or she should deny the waiver request. The debtor may appeal this denial in accordance with the procedure set forth in paragraph 8d.

   d. Recommendations in administrative reports and decisions of deciding officials should be consistent with decisions of the Comptroller General and previous FAA decisions to the extent practicable.



10/18/00                                                              2770.2G



## 8. RESPONSIBILITIES AND PROCEDURES.

    a. **General.** Appendices 1, 2, 3, and 4 provide an overview of the contents of this order. It is highly recommended that these appendices be reviewed before reading the body of the order.

        (1) Appendix 1, Debt Collection and Waiver Process, contains a flow chart of the debt collection and waiver process.

        (2) Appendix 2, Steps in the Waiver Process, lists the steps in the waiver process.

        (3) Appendix 3, Notice of Procedural Rights Regarding Collection of a Debt Owed to the United States Government, sets forth procedural rights regarding debt collection.

        (4) Appendix 4, Waiver – Sample Notice, provides information regarding waiver requests.

    b. Debtor.

        (1) When an erroneous payment is discovered, the debtor will receive from the *servicing accounting office, in one communication to the extent practicable,* the following documents:

            (a) a notice of indebtedness, captioned "Letter of Indebtedness," stating the amount of the debt and the basis of the debt;

            (b) a demand for payment containing a payment due date, captioned "Bill for Collection". The Letter of Indebtedness and the Bill for Collection trigger various timetables for making a repayment agreement, requesting a review of the claim, petitioning for a hearing on the claim, or requesting a waiver of the claim (see paragraph 2 of Appendix 3, Notice of Procedural Rights Regarding Collection of a Debt Owed to the United States Government, below);

            (c) a notice of procedural rights under 49 C.F.R. Part 92, "Recovery of Debts to the United States by Salary Offset" (see appendix 3, below);

            (d) instructions for requesting a waiver of the Government's claim, which include notice that if a debtor submits a waiver request before the final agency determination of the validity of the debt, validity will be considered to have been conceded (see Appendix 4, Waiver – Sample Notice, below); and

            (e) a copy of any communication regarding the nature of the erroneous payment originated by the servicing human resources organization.

        (2) The debtor may:

            (a) reserve the right to request a waiver of the Government's claim, and contest the validity of the debt using the procedures in 49 C.F.R. Part 92, summarized in appendix 3, below. If validity is contested, a waiver request should not be submitted until final agency action determining the validity of the debt, as defined in paragraph 8b(6), below. A waiver request submitted before then will be interpreted as a concession that the payment is due;

2770.2G

(b) pay the debt in full, or arrange in writing for a schedule of payments, on or before the payment due date as described in appendix 3, below; or

(c) acknowledge the debt and request a waiver, as described in appendix 4, below. If the debt is acknowledged, the waiver request must be submitted on or before the payment due date specified in the Bill for Collection. When the debt is acknowledged, a waiver request submitted after the payment due date will not be considered.

(3) The debtor is responsible for requesting the waiver, with appropriate documentation, at his or her servicing accounting office, or, if employed by the Washington headquarters, at AFM-330. If a waiver is requested, FAA will suspend debt collection proceedings under 49 C.F.R. Part 92 until final agency action on the waiver request. No penalties or administrative charges will accrue during the period in which the waiver request is pending final agency action. However, interest on the debt will accrue from the issue date of the Bill for Collection, unless the waiver request is granted.

(4) If the debtor contests the validity of the debt, the servicing accounting office shall arrange for a hearing, if requested.

(5) The office in which the waiver request was submitted will provide the debtor with written notice as to whether the waiver has been granted or denied in whole or in part, including the decision on an appeal.

(6) Appeal from a denied waiver request may be made only once to the next higher level of authority within the FAA. The debtor may submit an appeal to the servicing accounting office to which he or she submitted the original waiver request, within 30 days of the date of notice that the original waiver request was denied. The debtor must provide reasons why the appeal should be granted, with appropriate documentation. (The servicing accounting office will forward the appeal to AFM-330.) If no appeal is timely submitted, the decision on the waiver is the final agency action. If an appeal is timely submitted, the decision on the appeal is the final agency action.

c. Refunds.

(1) When the debtor has paid all or part of the Government's claim and all or part of the claim is subsequently waived, the request for waiver shall be construed as an application for a refund. A refund shall be paid from the account into which the FAA deposited the collection.

(2) No refund shall be paid when the debtor cannot reasonably be located within 3 years following a waiver's effective date. When no refund is made because a debtor cannot be located, the written record should document the attempts made to locate the debtor.

d. Processing Waiver Requests and Appeals (see appendices 1 and 2, below).

(1) Human resource organizations shall:

(a) Report erroneous payments to the payroll office.

(b) Provide assistance requested by the servicing accounting office.

10/18/00                                                                                        2770.2G



 (2) The payroll office, having discovered an erroneous payment or having received notice of such discovery from the servicing human resource organization, shall send a Letter of Indebtedness to the servicing accounting office for forwarding to the debtor.

 (3) The servicing accounting office shall:

  (a) Send the debtor the following to the extent practicable:

   1. Letter of Indebtedness;

   2. Bill for Collection;

   3. Notice of Procedural Rights (appendix 3);

   4. Instructions for Requesting a Waiver (appendix 4); and

   5. Any communication from the servicing human resources organization regarding the nature of the erroneous payment.

  (b) review waiver requests for compliance with the provisions of this order (review will take place on the written record only, because this is normally an adequate means to correct prior mistakes);

  (c) determine the reason for an erroneous payment and document the corrective action required to prevent similar errors (the responsible office should take corrective action);

  (d) prepare the required administrative report (see paragraph 8d(4), below) and other documentation;

  (e) obtain concurrence of regional or center counsel;

  (f) submit the administrative report to the appropriate deciding official (as specified in paragraph 8e, below) if the amount involved in the waiver request is under $5,000, or to AFM-330 if it is $5,000 or more;

  (g) provide the debtor requesting a waiver with written notice as to whether the request has been granted or denied in whole or in part together with notice of applicable appeal rights in last paragraph (appendix 4);

  (h) submit to AFM-330 appeals from debtors whose waiver requests have been denied;

  (i) provide an appellant with written notice as to whether the appeal was granted or denied in whole or in part; and

  (j) submit to AFM-330 an electronic copy of the final administrative report described in paragraph 8d(4), below, for filing on the FAA Intranet waiver site.

 (4) AFM-330 is responsible as follows.

(a) Washington headquarters. AFM-330 shall process waiver requests received from debtors in Washington headquarters as follows:

<u>1</u> review waiver requests for compliance with this order (review will take place on the written record only, because this is normally an adequate means to correct prior mistakes);

<u>2</u> determine the reason for an erroneous payment and document the corrective action required to prevent similar errors;

<u>3</u> prepare the required administrative report (see paragraph 8d(4), below) and other documentation;

<u>4</u> obtain concurrence of the Chief Counsel;

<u>5</u> submit this to AFM-1 if the amount involved in the waiver request is under $5,000, or to ABA-2 if it is $5,000 or more;

<u>6</u> provide debtors in Washington Headquarters requesting a waiver with written notice as to whether the waiver request was granted or denied in whole or in part along with notice of appeal rights (appendix 4, last paragraph);

<u>7</u> evaluate all appeals fairly and thoroughly, to recommend a decision to the deciding official, ABA-1 or ABA-2 (see paragraph 8e(2), below):

<u>a</u> forward to ABA-2 an appeal memorandum with AFM-330's evaluation and recommendation, when a debtor submits an appeal involving less than $5,000;

<u>b</u> forward to ABA-1 an appeal memorandum with AFM-330's evaluation and recommendation when a debtor submits an appeal involving $5,000 or more. The AFM-330 staff person who prepares the appeal recommendation will not be the AFM-330 staff person who prepared the administrative report and recommendation on the waiver request;

<u>8</u> provide appellant with written notice as to whether the appeal was granted or denied in whole or in part; and

<u>9</u> maintain an FAA waiver database by entering into the FAA Intranet waiver site an electronic copy of:

<u>a</u> the decision on the request, and the administrative report regarding the waiver request described in paragraph 8d(4), below; and

<u>b</u> the appeal memorandum (see paragraph 8d(3)(a)<u>7</u>, above) and the decision on the appeal, in the same file as the administrative report on the original waiver request, when an appeal has been submitted; and

<u>10</u>. insure that the destruction date for the hard copy file is included in the file (see paragraph 8(1)(c) and Appendix 6, Records Retention below); and



10/18/00　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2770.2G

  (b) Regions and Centers. AFM-330 shall process waiver requests and appeals received from regions and centers as follows:

    1 transmit all waiver requests involving amounts of $5,000 or more, together with administrative reports received from the region or center, to ABA-2;

    2 notify in writing the servicing accounting office whether waiver requests have been granted or denied in whole or in part (see paragraph 8d(2)(g));

    3 evaluate all appeals fairly and thoroughly, to recommend a decision to the deciding official (see paragraph 8e), as follows:

      a forward to ABA-2 an appeal memorandum with AFM-330's evaluation and recommendation; when a debtor files an appeal involving less than $5,000; and

      b forward to ABA-1 an appeal memorandum with AFM-330's evaluation and recommendation when debtor files an appeal involving $5,000 or more,

    4 notify in writing the servicing accounting office of decisions on appeals (see paragraph 8d(2)(g) below);

    5 maintain an FAA waiver database by entering into the FAA Intranet waiver site an electronic copy of:

      a the administrative report regarding the waiver request and the decision on the report described in paragraph 8d(4), below; and

      b the appeal memorandum (see paragraph 8d(3)(a)7a, above) and the decision on the appeal in the same file as the administrative report on the original waiver request, when an appeal has been submitted

  (c) Access to the FAA Intranet waiver site is restricted. Authorized persons needing access must submit a written request to AFM-330.

 (5) Administrative Report.

  (a) Except as provided in paragraph 8d(4)(b), below, a written administrative report must be submitted to the appropriate deciding official, identified in paragraph 8e, below, with each waiver request. The report format is shown in Appendix 5, Administrative Report. The report should contain:

    1 a report number which includes the region, center or headquarters routing symbol, the fiscal year in which the report was prepared, and the sequential number of the report for the region, center, or headquarters (e.g., AAL99-1, APF99-3);

    2 the name and mailing address of the debtor;

    3 the gross amount of the waiver request;

    4 the date the erroneous payment was discovered, and by whom;



2770.2G                                                                                       10/18/00

    <u>5</u> the date on which the debtor from whom collection is sought was notified of the error, and a statement of the erroneous amounts paid before and after issuance of such notice;

    <u>6</u> statements of the debtor

    <u>7</u> a statement by a knowledgeable FAA official as to the circumstances under which the erroneous payment was made; the debtor's knowledge of the erroneous payment; the date when the debtor acquired that knowledge; the steps the debtor took, if any, to bring the matter to the attention of the appropriate FAA official; and that official's response;

    <u>8</u> a statement by a knowledgeable FAA official as to why he or she believes the erroneous payment occurred, and the corrective action required to prevent similar errors;

    <u>9</u> a determination as to whether there is any indication of fraud, misrepresentation, fault, or lack of good faith on the part of the debtor, and the factual basis for such determination;

    <u>10</u> pertinent law, and precedents from the Comptroller General or prior FAA decisions (cite FAA decisions by case number (see paragraph 8d(4)(a)<u>1</u>, above)) and decision date;

    <u>11</u> a recommendation for the deciding official;

    <u>12</u> an appendix consisting of:

     <u>a</u> legible copies or the originals of supporting documents, such as earnings and leave statements, travel authorizations, and vouchers;



     <u>b</u> a pay-period by pay-period listing of the overpayment; and

     <u>c</u> correcting SF 50(s).

  (b) A written report is not required if the erroneous payment involves $250 or less and there is no indication of fraud, misrepresentation, fault, or lack of good faith on the part of the debtor or any other interested person having an interest in obtaining a waiver of the Government's claim. Waiver requests involving $250 or less will be submitted through the Servicing Accounting Office or AFM-330, without a written report to Regional Administrators, Center Directors, or AFM-1, and will be processed in accordance with this order.

  (c) If a deciding official grants or denies a waiver request which is not consistent with the recommendation for the deciding official in the Administrative Report required in paragraph 8d(4)(a)<u>11</u> above, the deciding official must provide a written, signed and dated statement explaining why the deciding official's decision is different from the recommendation in the Administrative Report.

 e. **Deciding Officials.**

  (1) Waiver request



10/18/00                                                                      2770.2G



       (a) Regional Administrators, Center Directors, and AFM-1 are authorized to grant or deny, under standards established in this order and with the concurrence of the Office of the Chief Counsel, or the Regional/Center Counsel, a request for a waiver of a claim against an FAA debtor for erroneous overpayment of pay and allowances, when the waiver request involves an amount under $5,000.

       (b) ABA-2 is authorized to grant or deny, under standards established in this Order and with the concurrence of the Office of the Chief Counsel, a request for a waiver of a claims against an FAA debtor for erroneous overpayment of pay and allowances, when the waiver request involves an amount of $5,000 or more.

   (2) Appeals.

       (a) ABA-2 is authorized to grant or deny an appeal with the concurrence of the Office of the Chief Counsel, when an appeal involving an amount under $5,000 is submitted.

       (b) ABA-1 is authorized to grant or deny an appeal with the concurrence of the Office of the Chief Counsel, when an appeal involving an amount of $5,000 or more is submitted.

  f. Collection Procedures. If the final agency action denies the waiver request, the FAA shall collect the debt as follows. PMS provides that FAA shall conform to 5 U.S.C. §5514, "Installment Deduction for Indebtedness to the United States." Section 5514 is implemented by 49 C.F.R. Part 92, "Recovering Debts to the United States by Salary Offset." (See also the Federal Claims Collections Standards, 4 C.F.R. Parts 101 - 105 and 5 C.F.R. Part 550, Subpart K, "Collection of Offset from Indebted Government Employees.") The servicing accounting office will follow the debt collection procedures set forth in 49 C.F.R. Part 92. (The Notice of Procedural Rights required by Part 92 (set forth in appendix 3, below) will have been transmitted by the servicing accounting office along with the Letter of Indebtedness and the other items identified in paragraph 8b(1).

  g. Written Record.

   (1) Filing System for Documents.

       (a) The original administrative report on the waiver request, including an account of the action taken and the reasons therefor, and other pertinent information, such as any action taken to refund amounts that were repaid, will constitute the written record in each case.

       (b) AFM-330 will send the original appeal memorandum, if any, and other pertinent information to the organization that prepared the administrative report, for filing in the written record.

       (c) Records retention schedules provided in the National Archives and Records Administration General Records Schedule 6, Transmittal No. 8, (December 21, 1998) should be followed. See Appendix 6, Record Retention. The organization that prepared the administrative report should specify on the file the file's destruction date before closing the file

   (2) Filing System for Electronic Copies.

       (a) The FAA Intranet waiver site address is **http//FIIS.FAA.gov/waivers**

       (b) AFM-330 will enter into the FAA Intranet waiver site:

          1 the final administrative report described in paragraph 8d(4), above, and the decision on the waiver request; and

2770.2G                                                                 10/18/00

<u>2</u> the appeal memorandum and the decision on the appeal (see paragraph 7d(3)(a)<u>5</u>, above).

<u>3</u> hard copies and electronic records are covered by a Privacy Act System of Records, DOT/A11-10, Debt Collection File.

For *John F. Hennigan*
  Donna R. McLean
  Assistant Administrator for
  Financial Services