# PHILLIP S. WOODRUFF

August 17, 2004

Ms. Pamela Covington
FAA Headquarters – AFM-330
Payroll Services Branch
800 Independence Avenue, S.W.
Washington, D.C. 20591

Dear Ms. Covington:

    Re: Appeal of Decision on Salary Overpayment of 1998 and 1999

    On August 12, 2004, I received your revised copy of the Office of Financial Management's decision in response to my request for waiver of the above referenced payments. The recommendation of your Branch Manager, AFM-330 and consequently the decision of ABA-2 is to deny the entire amount of $13,889.24. With this letter I wish to appeal this decision.

    I would also like to state that to the best of my knowledge I was never given the opportunity to have a hearing on this matter. I just learned of this option only by reading the FAA Order 2770.2G dated 10/19/00, which you mailed to me by U.S. Mail on August 13, 2004. I therefore request a hearing if that option is available. Thank you for this information.

    Also, the Order appears to have been revised several times since 1998 and 1999. I have not been advised of changes to the Order and would like to be advised of the Order in effect at the time the Memorandums dated July 27, 1998 and May 3, 1999, as well as subsequent changes.

    With regard to this Appeal, I believe that the waiver request should be granted because collection would be against equity and good conscience and not in the best interest of the United States for the following reasons:

1. The erroneous payments occurred through administrative error and there is no indication of fraud, misrepresentation or lack of good faith on the part of the employee.

2. As previously explained to the agency, I was not initially aware of the payments because I was hospitalized and out of the office on medical leave due to a work related injury and was on full time leave without pay status.

3. The payments were made by electronic direct deposit into my account and I was not handling my personal finances while on total disability.

10812 BROOKWOOD AVENUE UPPER MARLBORO, MARYLAND 20772
TELEPHONE: 301+868-9383 • FAX: 301+856-4636



GOVERNMENT EXHIBIT 4

Page 2
Pamela Covington
August 17, 2004

4. These overpayment bills were "created" by amended time and attendance reports following my return to duty as a result of my continued notification to management of the problems with my payroll including underpayments, TSP, tax issues, overpayments as well as other payroll and personnel issues which occurred during my absence and which continued following my return.

5. I still do not have all of the documentation regarding the changes made to my payroll therefore I am not able to verify whether or not these claims are correct or incorrect. I was unaware of the hearing process and the 15 day requirement until just before this report was prepared. Thus the waiver request was submitted over a year and a half ago without this knowledge.

6. Agency's mismanagement of my payroll has created underpayments, taxable distributions from my TSP, excess taxable income, and numerous other financial damages that far exceed the $13,000 claim for overpayment. Taxable distributions and losses on TSP from this payroll issue alone are over $13,000. Nothing has been done to correct the underpayments and other extensive losses that I have sustained as a result of agency actions.

7. This employee has endeavored tirelessly since becoming aware of any payroll anomalies to resolve them quickly and appropriately. While I have found the accounting office to be helpful, the previous agency management has not acted in good faith to resolve the problem.

8. The GAO decision, Geer, 91 FPPR 1063, July 2, 1991 relied upon in this case, does not parallel the facts or circumstances of my case at all.

The above information may not have been fully known or considered in the recommendations and decisions rendered. I have not had the opportunity to have a hearing in order to determine the validity of this claim. It is clear from the records that my previous supervisor during this time, submitted false time and attendance reports for various reasons. I was unaware of these reports while in the hospital and while recovering from surgery and on total disability. My losses far exceed the amount of the waiver request and therefore believe that it is in the best interest of all concerned and in accordance with the standards for granting the waiver.

Thank you very much for your consideration of this request.

Sincerely,

Phillip S. Woodruff

PSW:mm

Page 2
Pamela Carrington
August 17, 2004

4. These overpayment bills were "created" by amended time and attendance reports following my return to duty as a result of my continued notification to management of the problems with my payroll including underpayments, TSP, tax issues, overpayments as well as other payroll and personnel issues which occurred during my absence and which continued following my return.

5. I still do not have all of the documentation regarding the changes made to my payroll therefore I am not able to verify whether or not these claims are correct or incorrect. I was unaware of the hearing process and the 15 day requirement until just before this report was prepared. Thus the waiver request was submitted over a year and a half ago without this knowledge.

6. Agency's mismanagement of my payroll has created underpayments, taxable distributions from my TSP, excess taxable income, and numerous other financial damages that far exceed the $13,000 claim for overpayment. Taxable distributions and losses on TSP from this payroll issue alone are over $12,000. Nothing has been done to correct the underpayments and other extensive losses that I have sustained as a result of agency actions.

7. This employee has endeavored tirelessly since becoming aware of any payroll anomalies to resolve them quickly and appropriately. While I have found the accounting office to be helpful, the previous agency management has not acted in good faith to resolve the problem.

8. The GAO decision, Gurr, 91 FPPR 1063, July 2, 1991 relied upon in this case, does not parallel the facts or circumstances of my case at all.

The above information may not have been fully known or considered in the recommendations and decisions rendered. I have not had the opportunity to have a hearing in order to determine the validity of this claim. It is clear from the records that my previous supervisor during this time, submitted false time and attendance reports for various reasons. I was unaware of these reports while in the hospital and while recovering from surgery and on total disability. My losses far exceed the amount of the waiver request and therefore believe that it is in the best interest of all concerned and in accordance with the standards for granting the waiver.

Thank you very much for your consideration of this request.

Sincerely,

Phillip S. Woodruff

PSW:mm