UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP S. WOODRUFF, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action. No.:   05-1367 (RMU) |
| | : | |
| UNITED STATES DEPARTMENT OF | : | Document No.:   9 |
| TRANSPORTATION, and | : | |
| | : | |
| FEDERAL AVIATION | : | |
| ADMINISTRATION, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS OR TRANSFER

### I.  INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, to transfer this case to the Court of Federal Claims.  The *pro se* plaintiff is a former employee of the Federal Aviation Administration ("FAA").  The plaintiff claims that as a result of erroneous payroll records and erroneous administrative records, the defendants underpaid him and now owe him over $13,000 in salary.  In addition, the plaintiff alleges that the defendants incorrectly concluded that he owes them money for salary overpayment.  The plaintiff asks that the court order the defendants to compensate him for the alleged salary underpayment, prevent defendant FAA from collecting the monies it claims the plaintiff was overpaid, and correct the FAA's administrative and payroll records.  The defendants argue that the Court of Federal Claims has exclusive jurisdiction over the suit because the plaintiff seeks more than $10,000.  Because the court lacks jurisdiction to

entertain the plaintiff's claim and because the Court of Federal Claims has exclusive jurisdiction over this suit, the court grants the defendants' motion.

## II.  BACKGROUND

### A.  Factual Background

The plaintiff is a former employee of the FAA.  *See* Compl. ¶ 1.  According to the plaintiff, at some point during his employment, the FAA made changes and alterations to their payroll and administrative records, creating numerous errors in the records.  *Id.* ¶¶ 2, 4, 6.  The plaintiff states that because of the incorrect records, he failed to receive a portion of his salary, incurred losses to his Thrift Savings Plan ("TSP") and suffered other injuries exceeding $13,000 in financial damage.  *Id.* ¶ 9.  The plaintiff alleges that the erroneous records incorrectly led the FAA to believe that he had been overpaid.  *Id.* ¶¶ 2, 3, 9.  Based on this belief, the FAA has sought reimbursement from the plaintiff for salary overpayment totaling $13,869.24.  *Id.* ¶¶ 1, 9.

### B.  Procedural History

In 2003, the plaintiff requested that the FAA waive its claim against him for alleged salary overpayment.  Defs.' Mot. to Dismiss at 3.  The FAA denied the plaintiff's waiver request and is currently attempting to recover overpayment monies from him.[1]  Defs.' Mot. to Dismiss at 3; Compl. ¶ 1.  The complaint asks the court to restrain the FAA from collecting the salary overpayment pursuant to 5 U.S.C. § 5584, *et seq.* (the "Settlement of Accounts statute").  Compl., Prayer for Relief; Pl.'s Second Resp. to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 2.  In addition, the complaint seeks reimbursement for all monies owed for underpaid salary.  Compl.,

---

[1] The plaintiff asserts that the FAA denied his waiver request on May 11, 2005.  Compl. ¶ 1.  The defendants, however, contend that the FAA denied the plaintiff's waiver on July 27, 2004.  Defs.' Reply to Pl.'s Opp'n at 3.

Prayer for Relief. Lastly, the plaintiff requests that the court order the defendant to correct its payroll and administrative records. *Id.* On November 4, 2005, the defendants filed a motion to dismiss the complaint for lack of subject-matter jurisdiction. The court now turns to the defendants' motion.

### III. ANALYSIS

#### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim,

3

however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. The Court Grants the Defendants' Motion to Dismiss

The plaintiff's complaint states that the court has jurisdiction to hear the present case under the Settlement of Accounts statute. The defendants argue that the court should dismiss the plaintiff's suit because 5 U.S.C. § 5584 does not give the court jurisdiction over the plaintiff's claims. Defs.' Mot. to Dismiss at 3. Because the plaintiff seeks monetary damages exceeding $10,000, the defendants also argue that the Tucker Act, 28 U.S.C. § 1491, confers exclusive jurisdiction on the Court of Federal Claims. *Id.* (citing 28 U.S.C. § 1491). The plaintiff opposes the defendants' motion, arguing that the court has jurisdiction over the present case under both the Settlement of Accounts statute and the Tucker Act. Pl.'s Opp'n ¶¶ 1, 2. For the reasons that follow, the court grants the defendants' motion to dismiss.

#### 1. The Settlement of Accounts Statute Does Not Grant the Court Jurisdiction

Under 5 U.S.C. § 5584, a government agency may waive a claim against an employee arising out of excess payment of expenses, salary, reimbursements or allowances. Specifically, the statute states that the United States may waive a pending claim when collecting on the claim would not be in the best interest of the United States. 5 U.S.C. § 5584(a). The plaintiff,

however, misinterprets 5 U.S.C. § 5584 by reading a jurisdictional provision into the statute. That is, the plaintiff believes that the provision allowing the FAA to waive an overpayment claim gives the court jurisdiction to review the FAA's refusal to waive an overpayment claim. *Id*. The court disagrees.

The Settlement of Accounts statute only addresses the circumstances in which an agency official may waive a claim against an agency employee. 5 U.S.C. § 5584. The statute does not confer jurisdiction on the district court to oversee an agency's decision to bring or waive an overpayment claim. *Id*.; *see also Webman v. Fed. Bureau of Prisons*, --- F.3d ---, 2006 WL 769030, at *2, 3 (D.C. Cir. Mar. 28, 2006) (noting that the United States is immune from suits for money damages unless a statute uses "unequivocal and unambiguous" language to waive sovereign immunity); *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (explaining that [t]o maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action").

### 2. The Tucker Act Confers Exclusive Jurisdiction on the Court of Federal Claims

#### a. Statutory Framework

The Tucker Act, 28 U.S.C. § 1491 gives the United States Court of Federal Claims jurisdiction over any monetary claim brought against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 283-284 (D.C. Cir. 1995). The Little Tucker Act, 28 U.S.C. § 1346(a)(2), gives district courts concurrent jurisdiction with the Court of Federal Claims in most

Tucker Act cases seeking less than $10,000. 28 U.S.C. § 1346(a)(2)). District courts also retain concurrent jurisdiction with the Court of Federal Claims for suits against the United States that are primarily equitable. *Bliss v. England*, 208 F. Supp. 2d 2, 6 (D.D.C. 2002). But, the Court of Federal Claims has exclusive jurisdiction for any suit that seeks more than $10,000 from the United States. *Kidwell,* 56 F.3d at 283-284.

To prevent a litigant from drafting "artful pleadings" that disguise monetary claims in the form of equitable claims, *Bliss*, 208 F. Supp. 2d at 7, a court looks at the substance of the plaintiff's pleadings rather than the form of the pleadings to determine if it has subject-matter jurisdiction. *Brazos Elec. Power Coop. v. United States,* 144 F.3d 784, 787 (Fed. Cir. 1998). A court considers a number of factors when analyzing a plaintiff's pleading. *Kidwell,* 56 F.3d at 284. For instance, the court considers whether the plaintiff explicitly, "or in essence" requests monetary relief. *Id*. Additionally, the court considers whether the plaintiff will gain financially from a favorable award. *Id*. Further, the court determines whether the equitable relief the plaintiff seeks has considerable value independent of the monetary relief. *Id*. If the court concludes that the plaintiff primarily seeks monetary relief, exclusive jurisdiction lies in the Court of Federal Claims.[2]

### b. The Court Lacks Jurisdiction

It is undisputed that the plaintiff's claim is against the United States government because it seeks compensation from the FAA, a federal agency. Compl., Prayer for Relief; Defs.' Mot. to

---

[2] When a plaintiff's monetary claim is worth more than the jurisdictional maximum of $10,000, but the plaintiff would like to litigate the case in district court, the plaintiff may waive the right to recover monies exceeding $10,000. *Stone v. United States*, 683 F.2d 449, 451 (D.C. Cir. 1982) (stating that voluntary waivers by plaintiffs whose monetary relief exceeds $10,000 are well established under Tucker Act case law).

Dismiss at 2.  Likewise, the plaintiff concedes that his claim exceeds $10,000.[3]  Compl. ¶ 9; Defs.' Mot. to Dismiss at 3.  Because the plaintiff explicitly requests monetary relief exceeding $10,000 from the United States, the Tucker Act governs the plaintiff's suit.  *Clinton v. Goldsmith*, 526 U.S. 529, 539 n.13 (1999).

The plaintiff argues that his claim is equitable because, in addition to monetary compensation, he seeks a correction of all of the FAA's administrative and payroll records.  Compl., Prayer of Relief;  Pl.'s Opp'n ¶ 2.  When a plaintiff seeks equitable relief in addition to monetary compensation, the court must decide whether the equitable relief requested has an independent non-financial interest.  *Bliss*, 208 F. Supp. 2d at 8.  If the plaintiff shows that the equity request has independent value, the district court will have jurisdiction to hear the claim.  *Kidwell,* 56 F.3d at 284 (noting that "even where a monetary claim may be waiting on the sidelines, as long as the plaintiff's complaint only requests non-monetary relief that has 'considerable value' independent of any future potential for monetary relief," the court "respect[s] the plaintiff's choice of remedies" (citing *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 677 (10th Cir. 1991)).

Here, a decision in favor of the plaintiff would entitle him to monetary compensation from the defendants in excess of $10,000.  Although the plaintiff requests that the court correct the FAA's payroll and administration records, he makes this request to bolster his monetary

---

[3] In his complaint, the plaintiff states the amount the defendants owe him in salary underpayment exceeds the amount the defendants allege he owes, which totals $13,869.24.  Compl. ¶ 9.  In other words, the plaintiff's claim seeks more than $10,000.

claim.[4]  Compl. ¶ 9 (alleging that the defendants owe him monies for salary underpayment).  In other words, the plaintiff has not shown that his claims are primarily equitable.  *Bliss*, 208 F. Supp. 2d at 6.  Because a ruling in favor of the plaintiff would require the defendants to pay more than $10,000 in compensation, the court does not have subject-matter jurisdiction to review the present complaint under the Tucker Act.  *Id.* at 2 (ruling that the Tucker Act granted the Court of Federal Claims exclusive jurisdiction because a ruling in favor of the plaintiff would require the defendant to pay more than $10,000 in compensation).

### IV.  CONCLUSION

For these reasons, the court grants the defendants' motion to transfer the case to the Court of Federal Claims.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of August, 2006.

RICARDO M. URBINA<br>United States District Judge

---

[4]  The court notes that the plaintiff's opposition to the defendants' motion to dismiss asserts that he only seeks equitable relief.  Pl.'s Opp'n ¶ 2.  The plaintiff's complaint, however, explicitly requests monetary relief.  Compl., Prayer for Relief.  Because "plaintiffs may not amend their complaint through their opposition papers," *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 100 (D.D.C. 2005) and because the plaintiff has not sought leave to amend the complaint, the court bases its analysis on the relief requested in the complaint.